[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The scope of the court's review is clearly set forth inScott v. State Bar Examining Committee, 220 Conn. 812 (1992). Applying these principles to this case the court rules as follows: CT Page 10690
1) The respondent considered in considerable detail the petitioner's present fitness and found from his evasive and equivocal responses that he demonstrated a lack of candor and credibility with respect to the bank records. The respondent confuses his ultimate admission that what he did in this regard was "wrong", which constitutes the acceptance of a moral principle, with the inconsistent and equivocal answers that he gave before he arrived at that point which implicates his present character and fitness. The respondent is the sole judge of credibility of persons who testify before it and "no moral character qualification is more important than truthfulness and candor". Id. at 821.
2) As in Scott, supra at 827, a transcript of the proceedings before the respondent reveals that the petitioner did not object to the notice he had been given of the May 27, 1997 hearing. But even if there had been an objection a comparison of the transcript with the May 21, 1997 notice indicates that the respondent was not surprised by any area of inquiry. The subject matters specified in the notice were clear and definite especially in light of the fact that the same areas of inquiry had been covered in the petitioner's prior hearing of February 19, 1993. There is no evidence that the petitioner was misled or was in any way prejudiced in his ability to rebut or explain any adverse evidence. Scott v. State Bar Examining Committee, supra at 827.
3) The petitioner's claim that the respondent should have continued the hearing so as to allow him "to bring in additional witnesses" neither accords with his plainly applicable burden of proof nor the record that was developed before the respondent. The petitioner was represented by counsel. The transcript shows that at no point during the proceeding did the petitioner request a continuance for such a purpose. It is only in his claims for relief that he asks the court ab initio to order a rehearing for this purpose. The court declines to do so.
4) The respondent did not act arbitrarily in distinguishing between the respondent's acknowledgment of wrongdoing in 1989 and his present unsatisfactory attitude and performance concerning that wrongdoing.
While it is true that the respondent was bound to consider the petitioner's present fitness of character it is noted that CT Page 10691 the two letters of recommendation which vouch for his honesty date back to 1992 and were written by attorneys (December 15, 1992 letter of Angelo Darrigo; December 18, 1992 letter of Gregory M. Palumbo), whereas none of the letters offered for the respondent's consideration in 1997 were authored by an attorney in that capacity.
Our courts have long accepted the passage of a substantial period of time as appropriate for a finder of fact to consider the relevance of an act of misconduct involving veracity. Statev. Nardini, 187 Conn. 513, 526 (1982). Such a consideration would be especially appropriate in a bar admission proceeding where an opportunity for proof of rehabilitation has been given.
For the foregoing reasons the petition is dismissed.
A. WILLIAM MOTTOLESE, JUDGE.